# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMIE KILLIAN,**

        **Plaintiff,**

    v.                                    Case No. 17-CV-465

**JAMES A. ZANON,**
**SGT. BIRCHBAUCH,**
**CO GONZALES,**
**CO MIODZIK,**
**CO MONROE,**
**CO DELVAUX,**
**DANIELLE FOSTER,**
**W. MCCREEDY, and**
**J. BARKER,**

        **Defendant.**

# REPORT AND RECOMMENDATION

Plaintiff Jamie Killian, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. On April 26, 2017, the court screened Killian's complaint and gave him the opportunity to file an amended complaint. Killian availed himself of that opportunity on May 18, 2017. This order screens Killian's amended complaint.

*Screening the Amended Complaint*

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

*Killian's Allegations*

On February 12, 2014, while housed at Oshkosh Correctional Institution, Killian underwent major foot surgery on his left foot: a bone was cut, a graph infused, six screws and a plate were inserted, and another bone was ground down. Killian had a second foot surgery in August 2014. The surgeries required that Killian be transported

2

from Oshkosh to the hospital for follow-up appointments. These appointments involved about four hours of travel time and up to ten hours of wait time from the time of arrival to the end of the appointment.

On six different occasions, between February and September 2014, Killian was transported to the hospital from Oshkosh. At the time of each of these transports, Killian had a prescription for narcotic pain medication (Vicodin or Oxicodone). Despite these prescriptions and despite Killian's pleas for pain relief, none of the transport officers (defendants Gonzales, Miodzik, Monroe, Delvaux, Birchbauch) provided Killian with his prescribed pain medication. All of the transport officers informed Killian that Oshkosh had changed its policy and would not allow correctional officers to administer prescribed medications off-site. Killian asserts that he was in extreme pain and suffered headaches and nausea as a result of having to go up to fourteen hours without pain relief.

Killian filed inmate complaints on February 24, July 18, and September 29, 2014, about the transport officers' refusal to provide him with prescribed pain relief. All three complaints were affirmed by the inmate complaint examiner. The decisions, which state that necessary medication should be provided to inmates during off-site transports, were forwarded to defendants McCreedy, Foster, and Barker, who are medical administrators in the Health Services Unit.

*The Court's Analysis*

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim based on deficient medical care, a plaintiff must allege two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

More specifically, "[a]llegations of refusal to provide an inmate with prescribed medication . . . can [] state an Eighth Amendment claim." *Id.* at 753 (citing *Wynn v. Southward*, 521 F.3d 588, 594 (7th Cir. 2001)). And while non-medical officials are entitled to rely on or defer to the professional judgment of medical officials on questions of a prisoner's medical care, non-medical officials can be chargeable with deliberate indifference where they have reason to believe or actually know that a prisoner is being mistreated. *Id.* at 755 (citing *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008)).

Killian alleges that McCreedy, Foster, and Barker instituted and/or enforced a policy prohibiting transport officers from administering prescribed medication to prisoners during off-site transports and that they continued to enforce this policy after being informed by an inmate examiner of Killian's complaints. Based on these allegations, Killian may proceed on an Eighth Amendment claim against McCreedy,

4

Foster, and Barker in both their official and individual capacities. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) (explaining that an official capacity suit is appropriate when a defendant is executing or implementing the official policy of the government entity because such suits are a way of pleading an action against the government entity of which the defendant is an agent).

Killian also alleges that, even though defendants Gonzales, Miodzik, Monroe, Delvaux, and Birchbauch knew that denying Killian his prescribed narcotic pain medication pursuant to the institution's policy resulted in him being in excruciating pain, they did nothing to help him obtain relief. Based on these allegations, Killian may proceed on an Eighth Amendment claim against Gonzales, Miodzik, Monroe, Delvaux, and Birchbauch in their individual capacities. (Because the court is allowing Killian to proceed against McCreedy, Foster, and Barker in their official capacities, there is no need to also allow him to proceed against *these* defendants in their official capacities.)

The court will not, however, allow Killian to proceed on a claim against Zanon, the security supervisor who is responsible for the transportation of prisoners off-site and for the supervision of all correctional officers. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009). There is no supervisor liability or vicarious liability under § 1983. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Unlike with McCreedy, Foster, and Barker, Killian does not allege that anyone ever informed Zanon of Killian's

5

complaints. Zanon cannot be liable for failing to respond to a serious medical need that he did not know about. The court will dismiss Zanon as a defendant.

**IT IS THEREFORE RECOMMENDED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Killian's complaint and this order be electronically sent today to the Wisconsin Department of Justice for service on defendants Birchbauch, Gonzales, Miodzik, Monroe, Delvaux, Foster, McCreedy, and Barker.

**IT IS FURTHER RECOMMENDED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Birchbauch, Gonzales, Miodzik, Monroe, Delvaux, Foster, McCreedy, and Barker file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO RECOMMENDED** that defendant Zanon be **dismissed**.

**IT IS FURTHER RECOMMENDED** that the parties not begin discovery until the court enters a scheduling order setting discovery and dispositive motion deadlines.

Pursuant to the Prisoner E-Filing Program, Killian submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Killian is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court further advises Killian that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the case filing procedures set forth in this order. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 24th day of May, 2017.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge