UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMIE KILLIAN,

        Plaintiff,

v.                                                                     Case No. 17-C-465

JAMES A. ZANON, et al.,

        Defendants.

**ORDER**

Plaintiff Jamie Killian, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. On May 24, 2017, Magistrate Judge William E. Duffin filed his Report and Recommendation that Killian may proceed on an Eighth Amendment claim against defendants McCreedy, Foster, and Baker in both their official and individual capacities and defendants Gonzales, Miodzik, Monroe, Delvaux, and Birchbauch in their individual capacities. Magistrate Judge Duffin also recommended the dismissal of Killian's claim against defendant Zanon. Upon careful review, I conclude that Magistrate Judge's recommendation should be adopted by the Court only to the extent that it dismisses Killian's claim against Zanon and allows Killian to proceed on an Eighth Amendment claim against defendants McCreedy, Foster, Baker, Gonzales, Miodzik, Monroe, Delvaux, and Birchbauch in their individual capacity.

However, Killian will not be allowed to proceed against McCreedy, Foster, or Baker in their official capacities. Although a "state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not

treated as actions against the State," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quotation omitted), Killian has not requested injunctive relief here. Killian does request a declaratory judgment stating the defendants' actions failed to provide adequate medical care, but this is not an appropriate matter for declaratory relief. In the event it is ultimately shown that defendants violated Killian's constitutional rights, an entry of judgement and an award of damages will be all the relief to which Killian is entitled. Accordingly, the official capacity claims against McCreedy, Foster, and Baker and Killian's request for declaratory relief will be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's claims against Defendant Zanon and the remaining defendants in their official capacity will be dismissed. The plaintiff may proceed on an Eighth Amendment claim against defendants McCreedy, Foster, Baker, Gonzales, Miodzik, Monroe, Delvaux, and Birchbauch in their individual capacity.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff

shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated this   19th   day of June, 2017.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court